The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an opinion regarding a deputy sheriff's entitlement to payment for holidays during his period of employment. You have recited Section 2 (entitled "Definitions") and Section 8i ("Holidays") of Jackson County Ordinance No. 1981-4 in this regard. You specific question is as follows:
 Based upon the above sections of the County Ordinance, is a deputy sheriff, who had successfully completed his probationary period, entitled to be paid for holidays which were observed during the time within which he was employed? Furthermore, is he entitled to payment, over and above his regular salary, for holidays upon which he actually worked while employed as a deputy sheriff?
I am assuming, for purposes of your inquiry, that Sections 2 and 8i are the relevant ordinance sections, since these were the only sections cited to us. If there are other pertinent local regulations or ordinance provisions, corresponding modification of this opinion may be necessary.
Assuming that the deputy sheriff was in a pay status for the working days preceding and following the holidays, Section 8i of Ordinance No. 1981-4 would appear to support the deputy sheriff's entitlement to payment for the stated holidays. This also assumes that the deputy successfully completed his probationary period "with continuous and satisfactory service." See Ord. No. 1981-4, Section 2.
With regard to the second part of your question, we are unable to conclude, based upon the recited sections of Ordinance No. 1981-4, that he is entitled to payment over and above his regular salary for holidays on which he worked. Section 8i simply states that all full-time and probationary employees are entitled to the stated holidays "for which they will be paid their regular rate of pay." Legislative intent would, in my opinion, have to be more clearly expressed in order for us to conclude that extra pay for those working on the holidays is also authorized.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] This is not to say that there are no applicable overtime requirements. This is, however, a separate factual question.